U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 2 8 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CLARA S. TONEY AND THOMAS E. TONEY | : | DOCKET NO. 2:04 CV 0638 |
| VS. | : | JUDGE MINALDI |
| UNITED STATES OF AMERICA DEPARTMENT OF THE ARMY | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

On March 29, 2005 the court granted summary judgment in favor of the defendant, the United States of America. The plaintiffs, Carla S. and Thomas E. Toney ("the Toneys") timely appealed the judgment. The court of appeals vacated and remanded, finding that the court should have applied an ordinary negligence standard, rather than the Louisiana Merchant Liability Act, La. R.S. 9:2800.6.

In light of the remand, the parties were ordered to rebrief the summary judgment motion based on ordinary negligence under Louisiana law. Having been fully briefed, the Motion for Summary Judgment filed by the United States [doc. 12] is again before the court.

### FACTS

The plaintiffs allege that on June 19, 2000, Clara Toney fell in the Burger King area located at the Fort Polk base of the United States Army Military Post. She stated that as she walked into the area she witnessed a Burger King employee cleaning around the trash can. She noticed some food trays which were located in front of the Burger King employee and on top of the trash. Toney stated that she noticed the employee and the trays when she was approximately three feet away from the

trash can area. According to Toney, "[t]here was plenty of room for me to walk past her."

As Toney walked by the trash can area, approximately seven or eight trays fell to the floor. She allegedly stepped on the trays and slid to the floor. Immediately, Toney was given a chair in which to sit. Burger King employees offered to call an ambulance, however she refused the offer. Toney stated that Burger King employees also offered her something to eat or drink.

After the trays fell to the floor, Toney stated that they were picked up "pretty quick." She stated that she does not argue or allege that any Burger King employee purposefully threw the trays to the ground. She believes the trays fell by accident. Further, Toney did not think that any Burger King employee was acting in a manner which would cause the trays to fall. Specifically, she stated that she did not see any Burger King employee acting silly, dancing or horse playing in any way.

The alleged accident occurred at the busiest time for Burger King. The Burger King employee, Shandreika Shaw,[1] was cleaning the dining area by emptying the trash and taking unused trays to the back of the restaurant. Shaw was placing the trays onto a shopping cart and emptied the trash to the larger portion of the shopping cart. The larger portion of the shopping cart was covered with trash bags to ensure there would be no spill from the emptying of the trash can.

After the trays fell to the floor, Shaw retrieved the trays and offered assistance to Toney. Although this practice of cleaning occurred on a daily basis, Burger King has never before, and has not since, had any sort of accident.

The Government concedes that there are several factual issues in dispute, including, but not limited to, whether the Burger King employee was using a shopping cart to empty the trash and

---

[1] Throughout these proceedings, Ms. Shaw has been referred to alternatively as "Shaw" and "Shaw-Thomas." Her deposition is entitled "Shandreika Marie Thomas." However, for the sake of clarity, Ms. Shaw will be referred to herein as "Shaw."

collect trays, whether Toney's purse was caught on the cart, whether Toney fell to the floor or sat slowly on the floor. However, the Government argues that for the purpose of this motion, those issues are not relevant.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[2] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. *See Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is

---

[2] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; *see also Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

3

a genuine issue for trial. FED.R.CIV.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. FED.R.CIV.P. 56(e); *see also Topalian*, 954 F.2d at 1131.

## ANALYSIS

### *Federal Tort Claims Act*

The plaintiffs are asserting a negligence claim against the United States Army based upon a fall in the Burger King area of Fort Polk. The Government argues that the plaintiffs cannot meet the required burden of proof of negligence against the United States Army.

The United States, as sovereign, is immune from suit except as it consents to be sued, and the terms of its consent define the federal courts' jurisdiction to entertain suits against it. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011 (1992). The FTCA subjects the United States to liability for personal injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b); *Metropolitan Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000). The FTCA requires the court to look to the law of the place where the alleged tort occurred. 28 U.S.C. § 2674; *Castellano v. Fragozo*, 352 F.3d 939, 949 (5th Cir. 2003). Since liability in this case is brought pursuant to the FTCA, liability is determined in accordance with Louisiana law.

*Louisiana Law*

Louisiana Revised Statutes 9:2800.6 is not the exclusive remedy of a plaintiff who is injured in an accident on a merchant's premises. *See Crooks v. National Union Fire Ins. Co.*, 620 So.2d 421, 424 (La.App. 3d Cir. 1993). Where the accident is allegedly the result of a specific act on the part of the merchant, and not solely the result of a condition found on the premises– such as a spilled liquid or an item temporarily in an aisle– the principles of negligence are applicable. *Id.* (citing *Ardoin v. Dixieland Foods, Inc.*, 534 So.2d 107 (La.App. 3d Cir. 1988)).

In cases of alleged negligence, Louisiana employs the duty/risk analysis to determine whether to impose liability. *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La. 1994). There are five essential elements of a negligence claim under Louisiana's duty-risk analysis: (1) that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) that the defendant's conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) that the defendant's conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) that the plaintiff suffered actual damages (the damages element). *See, e.g., Goins v. Wal-Mart Stores, Inc.*, 800 So.2d 783, 788 (La. 2001) (citing *Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La. 2001)).

The first element in the duty-risk analysis is duty. The duty owed by a defendant to protect against injury is a question of law. *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364, 1371 (La. 1984). "When considering the duty owed by a landowner, the status of the injured person as an invitee or trespasser is relevant but not determinative. The proper test is whether the landowner acted as a reasonable man in view of the probability of the injury to others in the management of his

5

property." *Cuevas v. City of New Orleans*, 769 So.2d 82, 86 (La.App. 4th Cir. 2000) (internal citations omitted). Burger King therefore owed the plaintiffs a duty of reasonable care to keep the premises in a reasonably safe condition. As applied to the instant situation, Burger King's duty of reasonable care would encompass the duty to keep the floor free of potentially dangerous obstructions.

Next, it must be determined whether Burger King breached its duty. The breach inquiry is resolved by determining whether Burger King acted reasonably under the circumstances. *See, e.g., Bursztajn v. U.S.*, 367 F.3d 485, 492 (5th Cir. 2004) This is a question of fact. *See Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270, 278 (La. 2002) (citing *Peterson v. Gibraltar Sav. and Loan*, 733 So.2d 1198, 1204 (La. 1999)).

In support of its motion for summary judgment, the Government offers the deposition testimony of Clara Toney, Shandreika Shaw, and Betty Baker, manager of the food court. Toney testified that she was using the area by the Burger King as a short cut to the PX. As she was walking through this area, Toney saw Shaw by the trash can. She had plenty of room to walk around. There is no evidence that there was anything on the floor prior to Toney's fall.

Baker testified that Burger King had employed this particular method of clearing trays and trash for some time without incident. Baker also testified that Toney told her that, as she walked by Shaw, her purse strap caught on the shopping cart. Shaw's testimony corroborates this version of the accident. According to Shaw, she was not handling the trays at the time of the accident. Rather, Toney's purse hit the trays causing them to fall from the cart. Shaw also testified that Toney did not actually slip on the trays, but fell as she tried to stop short of the trays.

In opposition to the Government's motion, the plaintiffs allege that "[a]s Toney was

passing approximately 2 ½ feet to 3 feet left of [Shaw's] left arm, [Shaw] suddenly and without warning to Toney, dropped the serving trays immediately into Toney's path." Toney asserts that her purse never made contact with the shopping cart or the trays. Toney, however, admits that she did not actually see Shaw handle the trays prior to her fall. When asked whether it was possible that Shaw had nothing to do with the trays falling, Toney responded that it was not "[b]ecause [Shaw] had to be doing something to the trays in order for them to fall."[3]

Regardless of how the trays actually fell to the ground, there is no evidence to support the conclusion that Burger King breached its duty of care. Whether dropped by Shaw or knocked by Toney, the hazard created by the trays resulted from a completely fortuitous event, which was not foreseeable and could not have been prevented by Burger King through the exercise of reasonable care.[4]

In its prior ruling on the Government's summary judgment motion, the court concluded that the doctrine of *res ipsa loquitur* was inapplicable to this case. In its second opposition brief, the Toneys "concede that issues of fact make the application of that doctrine inappropriate on this motion for summary judgement."[5] They argue, however, that "if the court concludes...that [Shaw] dropped the trays in Toney's path without any participation by her, the doctrine will have application." For the reasons given in the prior ruling– namely that there is insufficient evidence

---

[3] Toney Dep. 14:25-15:6.

[4] Both parties concede that there is an issue of fact as to whether Toney fell abruptly to the floor or slowly eased to the ground. For the purposes of resolving whether Burger King breached its duty of care, the manner in which Toney fell is immaterial. Similarly, the other alleged, disputed issues of material fact do not bear on breach inquiry.

[5] 2d Opp. 8, n. 27 [doc. 42].

to show that the defendant's negligence was the most plausible explanation for the injury– *res ipsa* does not apply here.

In sum, there is no genuine issue of material fact concerning the defendant's alleged breach of the duty of care. Additionally, because the doctrine of *res ipsa loquitur* is inapplicable, there is no presumption of negligence nor is the court compelled to give the case to a jury. Accordingly, the Motion for Summary Judgment will be granted.

Lake Charles, Louisiana, this 27 day of June, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE